IN THE CIRCUIT COURT OF MINGO COUNTY, WEST VIRGINIA

COMELLA BAISDEN,

    Plaintiffs,

v.                                                  Civil Action No. 03-C-105

BAYER CORPORATION, a division of Bayer AG,
and JAMES W. ENDICOTT, M.D., an individual,

    Defendants.

## AMENDED COMPLAINT

1. This Court has venue and jurisdiction over this action.

2. This Court has subject matter jurisdiction over the claims set forth in this Complaint as the claims do not arise out of federal law. The plaintiff seeks no relief under any federal laws or regulations, assert no federal claims, and withdraw any asserted state claim that is preempted by federal law. The claims herein are brought solely under state common and state statutory law. Any and all claims or possible claims under any federal law, code, regulation, rule, and/or otherwise are expressly not brought herein and disclaimed. The United States District Court does not have diversity jurisdiction over this case as complete diversity of citizenship is lacking.

3. This action is brought for an individual claim for plaintiff, Comella Baisden, who had ingested Cerivastatin, sold under the trade name "Baycol", in West Virginia.

4. This action is brought as a result of any acts or omissions of defendant, its agents, servants, employees, co-conspirators and/or joint venturers or any member of a class of defendant as hereinafter alleged.

5. Defendant Bayer Corporation (hereinafter referred to as Bayer whether acting by and through its agents, servants, employees, co-conspirators, joint venturers and/or subsidiaries), is a corporation with its principal place of business in Connecticut. At all relevant times herein, Bayer was and is in the business of developing, designing, conceiving, formulating, manufacturing, packaging, labeling, marketing, advertising, distributing and selling the drug, Baycol, in the United States, including the State of West Virginia, for consumption and ingestion by citizens and residents of this state, including Mason County, West Virginia.

6. Plaintiff is a resident of West Virginia, who purchased and ingested Cerivastatin/Baycol (hereinafter referred to as "drug", which was conceived, designed, developed, formulated, manufactured, packaged, labeled, marketed, advertised, sold and placed in the stream of commerce to persons, firms and corporations for resale to plaintiffs and for direct sale to plaintiff as hereinafter alleged.

7. Defendant, James W. Endicott, M. D. named below, through its agents purchased, prescribed, distributed and/or sold the drug to residents of West Virginia, which said defendant is a representative of a class of health care providers (hereinafter referred to as "health care providers") who purchased, advertised, marketed, prescribed, distributed and/or sold the drug to residents of the State of West Virginia, including the named plaintiff as hereinafter set forth:

2

Dr. James W. Endicott to patient/plaintiff, Comella Baisden.

8. At all times complained of herein, defendants were acting for and on their own behalf and as agents, ostensible agents, servants and/or employees, one of the other, in the course and scope of their employment, agency and/or ostensible agency.

9. At all times complained of herein, defendants were acting as conspirators, one of the other, and with unnamed persons, firms and corporations in common goals, schemes and designs for the goals and purposes as herein alleged and complained of.

10. At all times complained of herein, defendants entered into a joint venture, one with the other, and with unnamed persons, firms and corporations for the goals and purposes as herein alleged and complained of.

11. The "drug" contained toxins and when taken by human beings had a deleterious effect on the health of human beings, including causing rhabdomylysis, myopathy, damaging their kidneys by causing failure of the same, and other related and unrelated damages, both temporary and permanent, and the drug was unreasonably dangerous.

12. The defendant knew or should have known that the drug was dangerous and defective and that its acts and/or omissions would cause injury and damage to persons who ingested them, including your plaintiff and the class that she seeks to represent.

13. Defendant drug manufacturer negligently, carelessly, knowingly, recklessly, wrongfully and intentionally designed, formulated, tested, manufactured, labeled, distributed, advertised, marketed, prescribed and placed the drug in the stream

3

of commerce for sale in the United States, including the State of West Virginia, and sold the drug to West Virginia residents, including your plaintiff and the class that she seeks to represent.

14. Defendant, acting individually and in concert as alleged above, set about to and did advertise, market and directly and indirectly caused to be ingested by plaintiff the drug which said use was dangerous, untested and unapproved.

15. Defendant drug manufacturer knew or should have known of the dangers of the drug thereof and owed a duty to provide information to the public, physicians, clinics, pharmacies and others of the dangers of the product and the proper and appropriate warnings which would clearly advise physicians, clinics and the public of the dangers of the use of said drug and the effectiveness of said drug.

16. Defendant drug manufacturer intentionally, knowingly, recklessly and negligently failed and refused to advise clinics, physicians, the public or others of the aforesaid dangers of the product and of the effectiveness of said drug.

17. Defendant drug manufacturer set about to and did encourage and enlist the clinics and physicians and others to assist the drug manufacturers to advertise, market, promote, prescribe and sell the drug to plaintiffs and to mislead plaintiffs and the class to purchase and ingest the drug and, in so doing, said physicians were acting as the drug manufacturers' agents, ostensible agents, servants, employees, conspirators and/or joint venturers.

18. Defendant negligently, knowingly, recklessly and intentionally failed and refused to use due care in conceiving, designing, researching, testing, formulating,

packaging, advertising, marketing, selling, prescribing and placing the drug in the stream of commerce.

19. Defendant negligently, knowingly, recklessly and intentionally failed and refused to properly supervise, instruct and inform by warnings, instructions, training and publication the dangers associated with the use of the drug and of the short term and the long term periodic diagnostic medical examinations reasonably necessary for persons who had ingested the drug.

20. Defendant negligently, knowingly, recklessly and intentionally withheld information from the public, physicians, pharmacies, clinics, the medical community, and others who had a right to know, of information which would have prevented the plaintiffs from being exposed to said drug.

21. Defendant negligently, knowingly, recklessly and intentionally encouraged the widespread use of the drug which defendants knew or should have known would reasonably harm plaintiffs and others similarly situated.

22. Defendant set about intentionally and knowingly, by acts and omissions, in the manner aforesaid to withhold information from the public, physicians and others who had a right to know, including plaintiffs, information which described the true dangers associated with the use of the drug for the sole and exclusive reason that defendants wished to make a profit from the distribution and sale of said drug.

23. Plaintiff did not have sufficient information to determine the safety of the drug and, therefore, relied upon the superior knowledge of defendant in deciding to purchase the drug, and, as a result of the reliance on defendant's false and misleading

affirmative misrepresentations and intentional omissions and hiding of relevant, significant and material facts and information, plaintiffs and others were mislead into believing the drug was safe and effective for use in the manner prescribed and/or taken.

24. Defendant drug manufacturer withheld information which it had in its possession concerning research, testing, lack of research and testing, studies of humans who had taken the drug and of animals who had been given the drug which demonstrated that the drug causes damage to the human muscular system, liver and kidneys which medically, legally, scientifically and ethically plaintiffs had a right to know before ingesting and which defendants had a duty under the law of West Virginia to disclose.

25. Defendant drug manufacturer provided false and misleading information concerning its products in that it provided only partial information concerning ill effects of the drug when it knew or should have known and had a duty to know and inform of other dangers associated with the use of the drug.

26. The defendant's failure to inform plaintiff and others of all of said information mislead plaintiff and others into believing it was safe and effective to ingest the drug.

27. There have been public notices issued by defendant which direct persons, including plaintiffs, to seek medical care and treatment and to incur medical expenses as a proximate result of the plaintiff having taken the drug and of the defendant's acts

and omissions as herein alleged; however, defendant refuses to pay for said care and treatment.

28. Medical care and treatment are available which, if utilized, can detect damage to kidneys and muscle damage and other related diseases and illnesses and therefore early detection of the medical complications is possible and beneficial to plaintiff and to all those persons who ingested the drug; however, defendant fails and refuses to pay for same.

29. As a proximate result of the aforesaid acts and conduct by defendant acting for and on its own behalf and as agents, ostensible agents, employees, conspirators and joint venturers of others, the drug was placed into the stream of commerce, distributed and sold and ingested by plaintiff, and plaintiff was damaged as hereinafter alleged.

## COUNT I

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

30. The defendant is a manufacturer and/or suppliers and/or distributors of the drug.

31. The aforesaid acts and conduct of defendant acting in the manner as alleged above were negligent and as a proximate result your plaintiff has suffered and will in the future suffer some or all of the following damages:

> a. Medical and hospital bills for diagnostic and preventative treatment and for treatment of injuries;

  b. Physical injury, both temporary and permanent;

  c. Severe and significant emotional distress, and mental pain and suffering;

  d. Humiliation, embarrassment and fear;

  e. Loss of enjoyment of life;

  f. Loss of income, past and present;

  g. Disability;

  h. Expenses reasonably necessary for the monitoring of the diseases associated with ingestion of the drug;

  i. Annoyance and inconvenience; and/or

  j. Other damages, which, under the law and circumstances, plaintiffs are entitled to, including attorney fees and costs associated with prosecution of this case.

32. In addition, the acts and conduct of defendants as alleged above entitle plaintiff to punitive damages.

## COUNT II

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

33. Defendant is a manufacturer and/or supplier and/or distributor of the drug.

34. The acts and conduct of defendant as alleged above were intentional, knowing, reckless and wrongful and, as a proximate result, plaintiff ingested the drug and was exposed to harmful toxins.

35. The defendant, acting as alleged above, intentionally inflicted emotional distress on plaintiff.

36. The acts and conduct of defendant were outrageous in that they offended the generally accepted standards of decency and morality of the community.

37. As a proximate result of defendant's acts and omissions, plaintiff has suffered and is suffering severe emotional distress and was otherwise damaged as alleged above.

## COUNT III

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

38. The defendant is a manufacturer and distributor of products which were unreasonably dangerous and defective and which were placed in the stream of commerce by defendant.

39. The aforesaid drug was defective in that it was not properly conceived, designed, formulated, tested, researched, studied, packaged, distributed and sold and it was not accompanied by proper warnings and instructions and defendant is strictly liable to plaintiffs for their damages.

40. The product was defective in that when it was placed in the stream of commerce: (a) The foreseeable risks exceeded the benefits associated with the design or

formulation, and/or (b) it was more dangerous than the ordinary consumer, including plaintiff, would expect and more dangerous than other products marketed for the same purposes, and/or (c) the product did not have sufficient warnings or instructions in light of the dangers associated with the use of the drug, and/or (d) the drug was inadequately tested, and/or (e) for all the reasons alleged above and defendant is strictly liable to the plaintiff for her damages.

41. As a proximate result of the product defect, plaintiff was damaged as alleged above.

## COUNT IV

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

42. Defendant expressly warranted that the drug was safe for the uses intended, including the dosages and manner of taking, and that the drug's effect had been properly studied and proven.

43. The drug does not conform to these express representations because it is not safe and has high levels of serious side effects, including life threatening side effects, as taken in the manner as advertised, marketed, and approved by defendant and is not effective as represented and defendants breached the express warranties.

44. As a proximate result of the breach of said warranties, plaintiff suffered and will continue to suffer injury, harm and economic loss as alleged above.

10

## COUNT V

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

45. At the time defendant marketed, sold, and distributed the drug for use by plaintiff, defendant knew of the use for which said drug was intended and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

46. Contrary to such implied warranty, the drug was not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above and defendant breached the implied warranties.

47. As a direct and proximate result of the breach of implied warranty, plaintiff suffered and will continue to suffer injury, harm and economic loss as alleged above.

## COUNT VI

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

48. Defendant published, disseminated and/or circulated oral and written information and matter, including labeling, which tended to and/or did induce, directly and indirectly West Virginia residents, including your plaintiff, to enter into contracts and agreements to purchase the drug, and to in fact purchase the drug which said publications were such that mislead and/or were calculated to mislead "physicians," and consumers in West Virginia.

11

49. Defendant, acting as aforesaid, directly or by agents, servants, employees, conspirators and/or joint venturers set about to sell, offer for sale, and attempt to sell in West Virginia for cash or credit the aforesaid drug and for services associated with said drug.

50. That the defendant acting as aforesaid set about to and did engage in unfair methods of competition and unfair or deceptive practices as set forth in West Virginia Code 46A-6-102(f), including but not limited to:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any goods or services, whether or not any person has in fact been misled, deceived or damaged thereby;

> Advertising, printing, displaying, publishing, distributing or broadcasting, or causing to be advertised, printed, displayed, published, distributed or broadcast in any manner, any statement or representation with regard to the sale of goods . . . which is false, misleading, or deceptive, or which omits to state material information which is necessary to make the statements therein not false, misleading or deceptive;

> Engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding;

51. That the acts and conduct above violated West Virginia Code, Chapter 46A, Article 6, Section 101, et seq. in that defendant withheld information about the deleterious effects of the drug with the intent that plaintiff would purchase the drug when defendant knew if the truth were published or provided to plaintiff that she would not purchase the drug and for the other reasons alleged above.

52. As a proximate result of the violation by defendant of the aforesaid statute your plaintiff suffered an ascertainable loss of money or property and plaintiff is entitled to recover damages all as provided in West Virginia Code, 46A-6-106.

## COUNT VII

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

53. Defendant, by acts and omissions, misrepresented the safety and effectiveness of the aforesaid drug which acts and omissions were fraudulent, all as alleged above.

54. Plaintiff relied on the defendant's acts and omissions, purchased the drug, and was damaged as alleged above.

## COUNT VIII

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

55. The acts and conduct of defendant caused the plaintiff to ingest and become exposed to the drug.

56. Plaintiff was exposed to a significant amount of the drug as a proximate result of the negligent and intentional acts and omissions of defendant.

57. The drug has been proven to be a hazardous substance through the negligent actions of defendant.

58. As a proximate result of the aforesaid exposure, plaintiff suffers a significantly increased risk of contracting serious and life threatening medical conditions.

59. That as a result of the aforesaid exposure to the drug, plaintiff has been subjected to an increased risk where the need for medical and diagnostic examinations are required, recommended and supported by the many competent, reliable medical and regulatory experts and agencies and which is generally accepted by the medical community.

60. As a proximate result of the acts and conduct of defendant as alleged above, your plaintiff has been damaged in that she is required, pursuant to reasonable medical necessity, to undergo medical and diagnostic testing which otherwise she would not be required to undergo and to incur medical expenses that she otherwise would not be required to expend.

61. Further, as a proximate result of the acts and omissions of defendant as alleged above, your plaintiff has been greatly annoyed and inconvenienced, has suffered emotional distress as a result of having to undergo the tests and examinations, has undergone fear, humiliation, and embarrassment, and has been otherwise damaged as alleged above.

62. Plaintiff has no adequate remedy at law and, therefore, medical monitoring and the establishment of a medical monitoring fund to pay for said monitoring, to a reasonable degree of medical probability, may prevent injury or death by notification of patients of the dangers and the proper procedures for monitoring,

paying for the monitoring and other relief as the court deems appropriate, all of which is a proximate result of defendant's intentional, fraudulent and negligent misconduct as alleged above.

### COUNT IX

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

63. At all times complained of herein the defendant designed, produced, formulated, marketed, distributed, prescribed, sold and/or otherwise supplied and placed the drug in the stream of commerce in the State of West Virginia.

64. The defendant's conduct in connection with the design, production, distribution, formulation, marketing, prescribing, selling and/or otherwise supplying and placing the drug in the stream of commerce in the State of West Virginia constituted breaches of the legally recognized duties to the plaintiff set forth in this complaint.

65. The drug of the same type designed, produced, formulated, marketed, distributed, prescribed, sold and/or otherwise supplied by the defendants in the stream of commerce in the State of West Virginia.

66. As a proximate result of ingesting defendant's drug plaintiff has sustained the injuries set forth above in this complaint.

67. The defendant's conduct in designing, marketing, prescribing, producing, formulating, selling and/or otherwise supplying and placing the drug in the stream of

15

commerce in the State of West Virginia proximately contributed to and increased the risk of plaintiff's injuries.

## COUNT X

Plaintiff incorporates all allegations above the same as if fully restated and re-alleged and plaintiff further complains and says as follows:

68. The actions of the defendant named in this "Complaint" as set forth hereinabove, were done intentionally, maliciously, and/or with a reckless disregard for the rights of the plaintiff, entitling the plaintiff to punitive damages for all causes of action alleged herein.

## COUNT XI

69. The defendant, James W. Endicott, M.D., on and after March 6, 2001, in rendering care to the plaintiff, Comella Baisden, deviated from applicable standards of care and was negligent in the following respects, among others:

    a. Failure to recognize, diagnose and appropriately treat Comella Baisden for symptoms;

    b. Failure to adequately monitor, supervise and investigate the medical condition of Comella Baisden;

    c. Failure to consult with appropriate medical and/or pharmaceutical specialists and/or take appropriate steps to assure that proper medical care was rendered to Comella Baisden;

    d. Failure to timely respond with appropriate examination, evaluation and treatment of Comella Baisden when advised of signs and

    symptoms of chest pain radiating to both arms, nausea, shortness of breath, extreme fatigue and discomfort with exercise/activity, and including, but not limited to, persistent muscle weakness.

  e. Failure to properly evaluate and effectuate treatment of Comella Baisden with respect to her medication, Baycol and Lopid;

  f. Failure to recognize symptoms of chest pain radiating to both arms, nausea, shortness of breath, extreme fatigue and discomfort with exercise/activity, and including, but not limited to, persistent muscle weakness secondary to rhabdomyolysis secondary to Baycol and Lopid. and

  g. Other negligent acts.

70. As a direct and proximate result of the negligence of the defendant, James W. Endicott, M.D., as aforesaid, the plaintiff, Comella Baisden, suffered great pain of body and mind, incurred medical expenses, loss of enjoyment of life and other impairments and disabilities.

71. As a further direct and proximate result of the negligence of the defendant, James W. Endicott, M.D., as aforesaid, the plaintiff, Comella Baisden, incurred expenses for her medical care and attention, and sustained a loss of income in an amount which is presently undetermined.

72. As a further direct and proximate result of the negligence of the defendant, James W. Endicott, M.D., as aforesaid, the plaintiff, Comella Baisden, has and will suffer emotional distress.

17

## PRAYER

WHEREFORE, your plaintiff demands that she be awarded damages and equitable and affirmative relief as follows:

1. Compensatory damages and punitive damages in an amount to be determined by the Court and jury; and

2. Damages as provided for under and pursuant to W.Va. Code 46A-101 et seq., including compensatory and punitive damages and equitable and injunctive relief; and

3. An amount for medical monitoring expenses as determined by the Court or a jury; and

4. The costs and disbursements of this action, including attorney fees; and

5. Pre-judgment and post-judgment interest; and

6. Equitable and injunctive relief for providing notice and medical monitoring relief to plaintiffs and the class; and

7. For such other further and general relief, both compensatory, punitive, equitable or injunctive as is deemed just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY.

COMELLA BAISDEN

By Counsel

_____
Marvin W. Masters, Esquire
West Virginia Bar No. 2359
Charles M. Love, IV, Esquire
West Virginia Bar No. 7477
Masters & Taylor, L.C.
181 Summers Street
Charleston, West Virginia 25301
(304) 342-3106
Counsel for Plaintiff
F:\3\647\P002.doc

19